# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| KAYLAN MORRIS, on behalf of herself and all others similarly situated | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Civil Action No. 02:19-cv-00650-TMP<br>) |
| WALMART INC. f/k/a WAL-MART STORES, INC., | )  **OPPOSED**<br>)<br>) |
| Defendants. | ) |

## WALMART'S MOTION TO DISMISS THE CLASS ACTION AMENDED COMPLAINT

Defendant, Walmart Inc. ("Walmart"), respectfully requests that the Court dismiss the Class Action Amended Complaint ("Complaint"), pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Plaintiff's attempt to replead fails because the amended "natural flavors" claims are still preempted, and Plaintiff's remaining claims fail to plead a plausible cause of action.

## INTRODUCTION

Plaintiff filed her original complaint on April 30, 2019 alleging that Walmart falsely labeled, falsely advertised, and used deceptive trade practices in relation to its "Parent's Choice Pediatric Shake" ("Shake"). Doc. 1, ¶ 2. Specifically, the original complaint alleged that, contrary to the Shakes' labeling, the Shakes are not

{B3438206}

(1) "Naturally Flavored" and do not contain (2) "Balanced Nutrition to Help Kids Thrive;" (3) "No Synthetic Color, Flavor or Sweeteners;" and (4) "Nutrition to help kids grow." (Doc. 1, ¶ 17). Walmart moved to dismiss these claims arguing, among other things, that Plaintiff's claims that the Shakes were not naturally flavored and contained synthetic sweeteners were preempted by the Federal Food, Drug, and Cosmetic Act ("FDCA"), and Plaintiff's nutrition claims failed to meet basic pleading standards. The Court ultimately granted-in-part and denied-in-part Walmart's Motion. The Court dismissed Plaintiff's "Naturally Flavored," claims with prejudice as preempted by the FDCA. The Court also dismissed Plaintiff's nutrition related claims for failure to plausibly allege that the Shake's claims to provide "Balanced Nutrition to Help Kids Thrive," and "Nutrition to help kids grow," were false or misleading. The Court, however, denied Walmart's Motion to the extent it argued Plaintiff's synthetic sweeteners claims were preempted by the FDCA.

Plaintiff has now filed her Amended Complaint incorporating the same alleged misstatements the Court previously dismissed. Doc. 33 ¶ 19. While the amended Complaint added some factual allegations, each of the claims against Walmart still fail for the following reasons:

*First*, Plaintiff's new allegations that the Shake's claim to be "Naturally Flavored" is misleading because the Vanilla Shakes do not list vanilla in the

ingredient list is still preempted. The FDA regulations specifically permit natural flavors to be listed on the ingredient list as "Natural Flavors," which is consistent with how the Shakes are labelled.

*Second*, Plaintiff's allegations that maltodextrin is used as a synthetic sweetener do not allege a plausible cause of action. The amended Complaint's additional factual allegations demonstrate that only certain types of maltodextrins contribute sweetness, but the Complaint provides no basis for its conclusory allegation that the maltodextrin used in the Shake is a type that contributes sweetness.

*Third*, the allegations in the Complaint and the Shake's labeling refute the Complaint's allegations that the Shake's claims to provide "Balanced Nutrition to Help Kids Thrive," and "Nutrition to help kids grow," are false or otherwise misleading.

## ARGUMENT

I. **PLAINTIFF'S AMENDED CLAIMS PREDICATED ON THE "NATURALLY FLAVORED" LABEL ARE STILL PREEMPTED BY THE FDCA.**

Plaintiff's amended "Naturally Flavored" allegations once again ignore the controlling food labeling regulations and improperly seek to hold Walmart to a higher standard than that required by the FDCA. Namely, in an apparent attempt to satisfy the Court's invitation to "plausibly allege that Walmart used 'Naturally Flavored' in a way that is inconsistent with 21 C.F.R. § 101.22(i)" (Doc. 29, p. 8),

Plaintiff now alleges that the labeling of the Vanilla Shake as "Naturally Flavored" must be false because it does not include "vanilla, vanilla beans, vanilla extract, or any other natural flavor ingredient derived from Vanilla on its list of ingredients." Doc. 33, ¶ 43. Plaintiff further alleges that "Walmart's use of 'Natural Flavors' [in the ingredients list] is an admission that the characterizing flavor in the Vanilla Shake, Vanilla, is not derived from real Vanilla." *Id.* at ¶ 45. Plaintiff's position finds no support and, in fact, is directly contradicted by the applicable FDA food labeling regulations.

As reflected in 21 C.F.R. § 101.22(h)(1), the FDA has determined that natural flavorings—like those found in the Shake—"may be declared [on ingredient lists] as 'natural flavor.'" That is, 21 C.F.R. § 101.22(h)(1) expressly permits Walmart to characterize the natural flavorings contained in the Vanilla Shakes as "Natural Flavors" in the ingredient lists without specifically listing vanilla, vanilla beans, vanilla extract, or any other natural flavor ingredient derived from vanilla. Contrary to Plaintiff's allegations, then, Walmart listing the vanilla flavoring as "Natural Flavors" is not an admission that the Shakes are not naturally flavored; it is evidence that Walmart is following the FDA's explicit regulations.

Where, as here, the FDA's regulations "expressly permit," Walmart to list the natural flavor in the ingredient list as "Natural Flavor," any attempt to "use this lawsuit to impose a requirement on Walmart that is inconsistent" with this regulation

is preempted. Doc. 29, p. 8. As a result, even accepting the allegations of the Complaint as true, Plaintiff once again fails to plausibly allege that Walmart used the "Naturally Flavored" statement in a way that is inconsistent with 21 C.F.R. § 101.22(i). Thus, under the same rationale that the Court applied in its previous opinion, Plaintiff's amended claims predicated on the "Naturally Flavored" label are preempted and due to be dismissed.

## II.   THE CLAIM THAT MALTODEXTRIN IS USED AS A SWEETENER IS NOT PLAUSIBLE AS IT IS WHOLLY CONCLUSORY.[1]

According to Federal Rule of Civil Procedure 8(a)(2), the Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This requires that the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Supreme Court has instructed that determining whether a complaint states a plausible claim for relief "requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not show[n]—that the pleader is entitled to relief." *Id.* at 679 (internal citations omitted). Here, Plaintiff's

---

[1] The Court previously denied Walmart's Motion to Dismiss the claim that maltodextrin is a synthetic sweetener as preempted. Walmart does not seek to relitigate that issue here. Instead, Plaintiff's Amended Complaint adds new allegations that demonstrate the implausibility of Plaintiff's claim that maltodextrin is being used as a sweetener.

"threadbare"[2] claims relating to the Shake's alleged use of maltodextrin as a sweetener fail to meet this basic, well-established pleading requirement.

The Complaint alleges that the Shake's claim that it does not contain synthetic sweeteners is misleading because it contains maltodextrin. According to the Complaint's new allegations, "Maltodextrin **can** contain 8-9% mono and disaccharides and contribute to sweetness." Doc. 33, ¶ 56 (emphasis added). Plaintiff pulled this new allegation from the FDA's Nonbinding Recommendations regarding Nutrition and Supplement Facts Labels, but does not quote the entire statement. In full, the FDA's Nonbinding Recommendations provide that, "Although maltodextrins are not used primarily for sweetening purposes, depending on the [dextrose equivalence], **some can** contain 8-9% mono and disaccharides and can contribute to sweetness."[3] (Nonbinding Recommendations attached hereto as Exhibit A, p. 20 (emphasis added)). The Complaint, however, provides no basis for the allegation that the maltodextrin used in the Shakes is of the type that "can" contribute to sweetness versus the type of maltodextrin that does not contribute to sweetness. The Complaint merely makes the conclusory allegation that "Maltodextrin is also a sweetener because it contains sugars, similar to corn syrup."

---

[2] *Iqbal*, 556 U.S. at 679 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statement do not suffice.").

[3] At the motion to dismiss stage, where the Complaint quotes only a portion of a document "The District Court [is] entitled to take notice of the full contents of the of the published articles referenced in the complaint, from which the truncated quotations were drawn." *Twombly*, 550 U.S. at 569 n.13.

Doc. 33, ¶ 32. The Eleventh Circuit has held that such conclusory allegations are insufficient and to be discarded. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (stating that, in applying *Iqbal* and *Twombly*, a court is to begin its analysis "by disregarding . . . wholly conclusory . . . allegations.").

What is left is the allegation that maltodextrin "can" in certain instances contribute to sweetness, while in other instances it does not. In other words, the allegation only allows the Court to infer the possibility of misconduct. As the Supreme Court stated in *Iqbal*, however, such an inference of possible misconduct does not satisfy Rule 8's requirement that the Plaintiff *show* she is entitled to relief. *Iqbal*, 556 U.S. at 679. Here, the "obvious alternative explanation,"[4] is that the maltodextrin in the Shakes is not being used as a sweetener, particularly given that the Shakes already contain the sweeteners sugar and stevia. Doc. 33, ¶¶ 14 and 16. Accordingly, the Complaint has not plausibly alleged that the Shakes are using maltodextrin as a sweetener and, as a result, Plaintiff's claims are due to be dismissed.

### III. THE SHAKES CONTAIN "BALANCED NUTRITION TO HELP KIDS THRIVE" AND "NUTRITION TO HELP KIDS GROW."

Plaintiff's amendments do not change the fact that her nutrition related allegations fail to state a plausible claim for relief. As in the initial complaint, the

---

[4] *Twombly*, 550 U.S. at 567.

Complaint alleges that the statements on the Shake's label that the Shakes provide "Balanced Nutrition to Help Kids Thrive," and "Nutrition to help kids grow," are false and/or deceptive. A review of the Shake's label, however, demonstrates that these two nutrition statements are true. The Shake does provide "Balanced Nutrition." The Shake's label demonstrates that it provides approximately equal percentages of the recommended daily values for the three primary macronutrients (12% of fat, 12% of carbohydrates, and 14% of protein). (Nutrition Panel, attached hereto as Exhibit B).[5] It is hard to see how the Shake's nutrition could be more balanced. Plaintiff cannot reasonably dispute that the approximately equal provision of these three primary macronutrients will help kids grow and thrive.

Instead, the Complaint asserts that these nutrition claims are misleading solely because the Shakes contain maltodextrin and sugar, which Plaintiff summarily concludes are "bad for kids." Doc. 33, ¶ 53. Even assuming Plaintiff's theory is correct (it is not), the Shake's labeling—as the Complaint recognizes—freely discloses that it contains both maltodextrin and sugar. Doc. 33, ¶ 48. In a similar case, a federal district court found on a motion to dismiss that a claim that a package contained "100% Grated Parmesan Cheese" was not misleading even though the

---

[5] *See Deerman v. Federal Home Loan Mortgage Corp.,* 955 F. Supp. 1393, 1397 (N.D. Ala. 1997) (holding that, "[a]lthough the [document] was not attached as an exhibit to plaintiffs' complaint, it was referenced in the complaint, ... and is integral to some of plaintiffs' claims. Therefore, the [document] may be considered when deciding defendant's motion to dismiss without converting the motion into one for summary judgment.").

product also included cellulose—a listed ingredient. *In re 100% Grated Parmesan Cheese Marketing and Sales*, 275 F. Supp. 3d 910 (N.D. Ill. 2017). The court reasoned that "Where a plaintiff contends that certain aspects of a product's packaging are misleading in isolation, but an ingredient label or other disclaimer would dispel any confusion, the crucial issue is whether the misleading content is ambiguous; if so, context can cure the ambiguity and defeat the claim . . . ." *Id.* at 922. The court determined that the "100% Grated Parmesan Cheese" claim was ambiguous. As a result, a "Reasonable consumer would thus need more information before concluding that the labels promised only cheese and nothing more, and they would know exactly where to look to investigate—the ingredient list." *Id.* at 923.

Likewise, even assuming for purposes of this motion that the statements on the label that "Balanced Nutrition to Help Kids Thrive" and "Nutrition to Help Kids Grow" are ambiguous (at worst), a look at the ingredient list and the nutrition panel demonstrates that the Shakes are only claiming to provide a balanced source of macronutrients to supplement a child's diet. The ingredient list clearly states that the Shakes contain sugar and maltodextrin, and the nutrition panel shows that the Shakes contain ten grams of added sugar. Doc. 33, ¶¶ 14, 16, 50. Here, as in *In re 100% Parmesan*, the context provided by the rest of the packaging defeats Plaintiff's claim that she was misled.

The conclusion of *In re 100% Parmesan* is also consistent with Alabama law. The Alabama Supreme Court is clear that in order to reasonably rely on an alleged misrepresentation, a plaintiff has a "'general duty . . . to read the document received in connection with a particular transaction,' together with a duty to inquire and investigate." *AmerUS Life Ins. Co. v. Smith*, 5 So. 3d 1200, 1208 (Ala. 2008) (quoting *Foremost Ins. Co. v. Putnam*, 693 So. 2d 409, 421 (Ala. 1997)). Here, the Complaint itself proves that simply reading the Shake's label would have cured the alleged issue. As a result, even accepting the allegations of the Complaint as true, no reasonable consumer could have relied on the alleged misrepresentations.

Finally, Plaintiff's claim that "nearly half the caloric value" is empty calories contributed by maltodextrin and sugar is contrary to the Complaint's other allegations. Doc. 33, ¶ 60. Plaintiff's claim is again based on the FDA's Nonbinding Recommendations, which make clear that the "empty calories" are "the sugars contributed by" maltodextrin (e.g., "those mono- and disaccharides contributed by" maltodextrin). *Id.*, ¶ 59. According to the FDA's Nonbinding Recommendation, however, in those maltodextrins that contribute sweetness, only 8-9% of the maltodextrin consists of these "empty calories" in the form of mono- and disaccharides. Ex. A, p. 20. Moreover, "those mono- and disaccharides contributed by the ingredient need to be declared as added sugars on the label." Doc. 33, ¶ 59. Here, the Complaint alleges that there are only eleven grams of sugar, with ten of

those grams being added sugar. *Id.*, ¶ 50. At four calories per gram, the ten grams of added sugars contribute only forty calories—a far cry from Plaintiff's claim that nearly half of the Shakes "240 calories" consist of empty calories. *Id.*, ¶¶ 51 and 60.

Therefore, Plaintiff's nutrition claims fail because, as recognized in the Complaint, the Shake's label fully discloses its ingredients and nutrition information making any alleged reliance unreasonable. *AmerUS Life Ins. Co.*, 5 So. 3d at 1208. The Complaint's new allegations do not make Plaintiff's nutrition related claims any more plausible than those previously dismissed by the Court; as a result, Plaintiff's amended allegations are again due to be dismissed.

## CONCLUSION

As discussed at length above, all of Plaintiff's causes of action are based solely on the preempted and wholly-conclusory claims that the Shakes are not: (1) "Naturally Flavored;" and contain (2) "Balanced Nutrition to Help Kids Thrive;" (3) "No Synthetic Color, Flavor or Sweeteners;" and (4) "Nutrition to help kids grow." (Doc. 33, ¶ 19). Each of these allegations, however, fail as a matter of law because they ignore controlling administrative regulations and basic pleading standards. As such, Plaintiff's entire Complaint is due to be dismissed for failure to state a claim.

Respectfully Submitted,

*s/ Cole R. Gresham*
Cole R. Gresham (ASB-8993-L47G)
STARNES DAVIS FLORIE LLP
100 Brookwood Place, Seventh Floor
Birmingham, Alabama  35209
(205) 868-6000 Phone
(205) 868-6099 Facsimile
*cgresham@starneslaw.com*

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

      I hereby certify that on March 27, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, which will send notification of such filing to the following:

W. Lewis Garrison, Jr.
Taylor C. Bartlett
Heninger Garrison Davis, LLC
2224 First Ave North
Birmingham, AL 35203
lewis@hgdlawfirm.com
taylor@hgdlawfirm.com

J. Stuart McAtee
Alexander Shunnarah
Personal Injury Attorneys
3626 Clairmont Ave South
Birmingham, AL 35222
smcatee@asilpc.com

Taylor A. Pruett
Schreiber Law Firm, P.C.
2129 First Ave North
Birmingham, AL 35203
taylor@schreiber.law

                                        *s/ Cole R. Gresham*
                                        Cole R. Gresham