# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| TAMMY DEVANE, on behalf of herself and all others similarly situated | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Civil Action No. 02:22-cv-00709-SMD<br>) |
| WALMART INC. f/k/a WAL-MART STORES, INC., | ) **OPPOSED**<br>)<br>) |
| Defendants. | ) |

## WALMART'S MOTION TO COMPEL

Defendant, Walmart Inc. ("Walmart"), respectfully requests that the Court compel Ms. Devane to produce the e-mail Plaintiff's Counsel sent to Ms. Devane soliciting her to serve as a class representative in this litigation. In support of this motion Walmart states as follows:

1. Ms. Devane testified at her deposition that she first became aware of the issues with the Shakes, at issue here, when Plaintiff's Counsel e-mailed her in April of 2022. (Devane Depo. at 14:25-15:16, attached hereto as Exhibit A).

2. Ms. Devane has previously served as a class representative in at least two separate cases for Plaintiff's Counsel. (Ex. A at 16:24-19:3).

3. Prior to the e-mail, however, Ms. Devane was not aware of this lawsuit, and Plaintiff's Counsel did not know she had purchased the Shakes before sending

2969760.1

the e-mail soliciting Mr. Devane's participation in this lawsuit. (Ex. A at 14:25-15:16, 16:18-22).

4. The e-mail from Plaintiff's Counsel is directly responsive to Walmart's Request for Production No. 7, which provides:

> Produce any documents, including, but not limited to any of Your text messages, social media posts, or e-mail, referencing the Parent's Choice Pediatric Shakes.

(Plaintiff's Objections & Responses to Defendant's First Set of Requests for Production to Plaintiff, attached hereto as Exhibit B).

5. Ms. Devane responded to the Request by stating:

> Plaintiff has not located any documents responsive to this request but continues to conduct a reasonable search and will produce any responsive non- privileged documents.

Ex. B at No.7

6. Undersigned counsel met and conferred with Plaintiff's Counsel via telephone on July 30, 2024. Plaintiff's Counsel, however, refuses to produce the e-mail claiming it is protected by the attorney-client privilege.

7. The attorney-client privilege "does not cover all communications between an attorney and her client (or putative client). Rather, it has been 'construed narrowly so as not to exceed the means necessary to support the policy which it promotes.'" *Evans v. Comcast Corp.*, No. 12-81203-CIV, 2013 WL 12139329, at *3 (S.D. Fla. July 3, 2013) (quoting *In re Grand Jury Matter No. 91-*

*01386,* 969 F.2d 995, 997 (11th Cir. 1992)).

8. Here, no privilege could have attached at the time Plaintiff's Counsel sent the solicitation e-mail to Ms. Devane because she had not requested, and Plaintiff's Counsel had not accepted, representation in this matter.

9. Under similar facts, the court in *United States ex rel. Gillespie v. Kaplan University*, No. 09-20756-CIV, 2013 WL 12470556, at *4 (S.D. Fla. July 12, 2013), found:

> The email only reflects the potential for an attorney client relationship, not that one existed at the time. Defendants have failed to show why email from an attorney in an apparent effort to obtain business from a potential client warrants the imposition of the attorney-client privilege; there is no indication in this record that the Defendants had made prior communications with the law firm or that this communication was part of an effort by the Defendant to obtain counsel or seek legal advice from that law firm. Moreover, nothing in this email solicits or communicates any legal advice. Defendants must therefore produce the last email[.]

10. Here, there is no reason to treat the e-mail from Plaintiff's Counsel any differently.

11. While Plaintiff's Counsel has represented Ms. Devane in other matters, "[t]he privilege is designed only to protect 'confidential communications between the attorney and client **regarding the matter of representation**.'" *Evans*, 2013 WL 12139329, at *3 (quoting *In re Grand Jury Matter No. 91-01386,* 969 F.2d at 997).

12. This e-mail does not regard the prior matters of representation. Indeed,

it is an entirely different case.

13. As a result, Walmart respectfully requests that the Court compel Ms. Devane to produce the e-mail from Plaintiff's Counsel soliciting Ms. Devane.

        Respectfully Submitted,

        *s/ Cole R. Gresham*
        Cole R. Gresham (ASB-8993-L47G)
        STARNES DAVIS FLORIE LLP
        100 Brookwood Place, Seventh Floor
        Birmingham, Alabama  35209
        (205) 868-6000 Phone
        (205) 868-6099 Facsimile
        *cgresham@starneslaw.com*

        *Attorney for Defendant*

## CERTIFICATE OF SERVICE

      I hereby certify that on August 15, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, which will send notification of such filing to the following:

W. Lewis Garrison, Jr.
Taylor C. Bartlett
Heninger Garrison Davis, LLC
2224 First Ave North
Birmingham, AL 35203
lewis@hgdlawfirm.com
taylor@hgdlawfirm.com

J. Stuart McAtee
Alexander Shunnarah
Personal Injury Attorneys
3626 Clairmont Ave South
Birmingham, AL 35222
smcatee@asilpc.com

Taylor A. Pruett
Schreiber Law Firm, P.C.
2129 First Ave North
Birmingham, AL 35203
taylor@schreiber.law

                                            *s/ Cole R. Gresham*
                                            Cole R. Gresham