IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| TAMMY DEVANE, on behalf of herself and all others similarly situated | ) ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No. 02:22-cv-00709-SMD ) |
| WALMART INC. f/k/a WAL-MART STORES, INC., | ) **OPPOSED** ) ) |
| Defendants. | ) ) |

## **WALMART'S MOTION TO COMPEL**

Defendant, Walmart Inc. ("Walmart"), respectfully requests that the Court compel Ms. Devane to produce documents relating to her prior class action lawsuits.[1] In support of this motion Walmart states as follows:

1. Ms. Devane has served as the named-plaintiff is numerous cases filed as putative class actions. (Doc. 144-1, Devane Depo. at p. 58:13-20).

2. Ms. Devane testified that she has settled many of those claims prior to class certification on an individual basis for more than she was otherwise entitled. (Doc. 144-1, Devane Depo. at pp. 61:18-62:2; 69:19-23).

---

[1] The parties met and conferred on September 30, 2024, but were unable to resolve the issues.

3013417.1

3. Following Ms. Devane's deposition, Walmart issued discovery seeking more information about her litigation history, but she has not produced any documents in response and objected as follows:

> 1. Produce all communications sent by You or on Your behalf giving notice of a legal claim or dispute that demanded or requested some relief, remediation, or payment on behalf of Yourself and/or any putative class.
>
> **RESPONSE:** Plaintiff objects to this request to the extent it is overly broad, unbounded in time or scope, and seeks irrelevant information.
>
> 2. All documents evidencing, consisting of, reflecting, or referencing any sums of money or other benefit that has been received by You in connection with or as a result of the resolution of any actual or threatened litigation.
>
> **RESPONSE:** Plaintiff objects to this request to the extent it is overly broad, unbounded in time or scope, is subject to confidentiality agreements, and seeks irrelevant information.
>
> 3. Produce all records regarding any solicitations you have received from lawyers regarding the possibility of you serving as a plaintiff and/or inquiring whether you have purchased a specific product or products.
>
> **RESPONSE:** Plaintiff objects to this request to the extent it is overly broad, unbounded in time or scope, and seeks irrelevant information.

4. "The party resisting production bears the burden of establishing lack of relevance or undue burden in supplying the requested information." *Smith v. Trustmark Nat'l Bank*, No. 2:22-cv-330-RAH-JTA, 2024 U.S. Dist. LEXIS 91663, *3 (M.D. Ala. May 22, 2024) (quoting *Gober v. City of Leesburg*, 197 F.R.D. 519, 521 (M.D. Fla. 2000)).

5. Ms. Devane's objections certainly do not carry her burden.

3013417.1

6. First, Ms. Devane's objection that the requests are overly broad and unbounded by time or scope is not borne out by the requests.

7. As can be seen, the requests are limited to a specific subset of documents relating to Ms. Devane's litigation and settlement history. There is no requirement that a request be limited to some arbitrary time span, particularly where, as here, the requests are seeking a discrete set of documents.

8. If Ms. Devane has filed so many lawsuits that the volume of documents is so large as to be burdensome, that in and of itself is highly relevant to the class certification inquiry.

9. Second, Ms. Devane's claim that the requests seek "irrelevant information," also fails.

10. "Relevance in the context of discovery 'has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Akridge v. Alfa Mut. Ins. Co.*, 1 F.4th 1271, 1276 (11th Cir. 2021). "[S]ince the Rules strongly favor full discovery whenever possible, a civil litigant is generally entitled to any information sought if it appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* at 1276

11. Contrary to Ms. Devane's objections, the information regarding her litigation and settlement history is directly relevant to whether Ms. Devane is a typical and/or adequate class representative.

12. If Ms. Devane has a history of bringing putative class actions only to sell out the class and settle the claim for an individual windfall, that is certainly relevant to whether she is a typical/adequate class representative. *See Wuest v. My Pillow*, Inc., No. 18-03658 WHA, 2019 U.S. Dist. LEXIS 131846, 2019 WL 3577176, at *3 (N.D. Cal. Aug. 6, 2019) (reviewing serial plaintiff's litigation history to determine that she would not adequately represent a class based on her "pattern of using the threat of class actions to extract an undeserved premium on an individual claim."); *Sapan v. Diamond Resorts Holdings, LLC*, No. 8:23-00147-DOC-ADSX, 2023 U.S. Dist. LEXIS 215082, 2023 WL 8229984, at *3 (C.D. Cal. Oct. 6, 2023) (noting "that a plaintiff's serial litigant status is one relevant characteristic a court may consider when making the adequacy determination for class certification" and granting motion to compel discovery into the plaintiff's serial litigant status "that would allow Defendant to develop facts that could show Plaintiff was abusing the class action device to extract settlement premiums, or facts along the lines that Plaintiff somehow manufactures TCPA injuries").

13. Thus, the information Walmart seeks certainly clears Rule 26's low bar for relevance.

3013417.1

14. Finally, the fact that the requests seek settlement agreements does not change the analysis. "A settlement agreement is discoverable if it 'meets the standard of relevance required for discovery, as set by Rule 26(b) . . . .'" *Travelers Prop. Cas. Co. of Am. v. Charlotte Pipe & Foundry Co.*, No. 6:11-cv-19-Orl-28GJK, 2012 U.S. Dist. LEXIS 208473, at *7 (M.D. Fla. Jan. 10, 2012). Moreover, "[t]he fact that a settlement agreement contains confidentiality provisions does not bar discovery." *Id.*

15. To the extent Ms. Devane is worried about the public dissemination of her settlement agreements, the Court has already entered a protective order governing the production of sensitive information.

16. As a result, Walmart respectfully requests that the Court compel Ms. Devane to produce all documents responsive to Walmart's Second Set of Requests for Production.

17. Further, given the quickly approaching deadlines for class certification briefing, Walmart respectfully requests that the Court hear this Motion on an expedited basis.

Respectfully Submitted,

*s/ Cole R. Gresham*
Cole R. Gresham (ASB-8993-L47G)
STARNES DAVIS FLORIE LLP
100 Brookwood Place, Seventh Floor
Birmingham, Alabama  35209
(205) 868-6000 Phone
(205) 868-6099 Facsimile
*cgresham@starneslaw.com*

*Attorney for Defendant*

3013417.1

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 2, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, which will send notification of such filing to the following:

W. Lewis Garrison, Jr.
Taylor C. Bartlett
Heninger Garrison Davis, LLC
2224 First Ave North
Birmingham, AL 35203
lewis@hgdlawfirm.com
taylor@hgdlawfirm.com

J. Stuart McAtee
Alexander Shunnarah
Personal Injury Attorneys
3626 Clairmont Ave South
Birmingham, AL 35222
smcatee@asilpc.com

Taylor A. Pruett
Schreiber Law Firm, P.C.
2129 First Ave North
Birmingham, AL 35203
taylor@schreiber.law

                                        *s/ Cole R. Gresham*
                                        Cole R. Gresham

3013417.1