IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **TAMMY DEVANE, on behalf of herself and all others similarly situated** ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CIVIL ACTION NO.: **2:22-cv-00709-ECM-SMD** |
| ) | |
| **WALMART, INC. f/k/a WAL-MART STORES, INC.,** ) ) ) | **OPPOSED** |
| Defendant. ) | |

## PLAINTIFF'S OPPOSITION TO WALMART'S MOTION TO COMPEL

Walmart's Motion to Compel ("Motion"), Dkt. 149, seeks confidential documents which are duplicative and will not lead to the discovery of admissible evidence. Additionally, Plaintiff would be in breach of her agreement to maintain confidentiality were she to voluntarily produce the documents Defendant requests. Accordingly, Plaintiff opposes the production of the requested documents and, in the event the Court finds that documents in Plaintiff's possession should be produced, she requests a reasonable opportunity to notify any affected person or entity.

### I.  Argument

The standard for whether settlement agreements must be disclosed is

relevance. *Virtual Studios, Inc. v. Royalty Carpet Mills, Inc.*, 2013 U.S. Dist. LEXIS 191978, 2013 WL 12090122, at *4 (N.D. Ga. Dec. 23, 2013). While Plaintiff acknowledges she bears the burden to show a lack of relevance, Defendant has not shown that the requested documents have even a scintilla of relevance nor that they are not duplicative of evidence already elicited. Indeed, Defendant cites no precedent showing that the requested documents are relevant, and after a diligent search, Plaintiff has also found no precedent finding that the requested documents are relevant or would lead to the admission of relevant evidence.

Defendant's requests are also duplicative of already elicited discovery and encompass three categories of documents which are not limited in time, scope, type of case, or to specific threatened litigation or filed litigation: 1) **all** communications by **any of Plaintiff's current or former counsel** to an opposing party concerning **any** litigation, 2) **all** documents that in **any way relate** to a settlement payment, and 3) **all** records regarding "solicitations" from lawyers about **anything**. Essentially, Defendant seeks any and all documents that in any way concern anything Plaintiff has ever done that in any way relates to a legal dispute. That is overly broad, unduly burdensome, not likely to lead to the discovery of admissible non-duplicative evidence, and such a fishing expedition should not be countenanced.

These three requests are so broad and undefined that Plaintiff cannot reasonably search for or understand the documents Defendant seeks. They are not

limited to only litigations in which Plaintiff was appointed as a class representative and are not even limited to purported class actions generally. The majority of the requested documents, with the exception of communications and a single settlement agreement, are publicly available to Defendant. Additionally, the requested documents provide no more admissible evidence than what Defendant has already elicited via deposition testimony.

It is not disputed that Plaintiff has been a named Plaintiff in four actions. Defendant elicited that testimony already via Plaintiff's deposition. Dkt. 149-1. One of those actions resulted in a confidential settlement, one was dismissed by the court, one is pending, and the other is the instant case. *Id*. In only one of these cases did Plaintiff receive a settlement. *Id*. at 19:7-15. Thus, there is no "history of bringing putative class actions only to sell out the class and settle the claim for an individual windfall." Dkt. 149 at 4. Defendant's entire premise of its Motion is flawed because the evidence shows that in only one case did she reach a confidential individual settlement. She does not have a "history" of selling out "the class," but rather her history shows that she has made reasonable decisions assisted by her lawyers who have provided privileged advice on the merits of her claims.

The details of that settlement, including the consideration, will not lead to the discovery of admissible evidence. The settlement concerns a product not in any way associated with the instant dispute, concerns a defendant not remotely related to the

Defendant, concerns a putative class which does not overlap with the current putative class, and concerns multiple other parties (both named and unnamed) who have no relation to any party or claim in the instant case. Simply put, there is nothing in the requested documents which are admissible for any purpose.

The two cases that Defendant cites, neither of which are precedential, do not stand for the proposition that Defendant is entitled to the broad ranging discovery Defendant seeks. Indeed, one of the cited cases cuts against Defendant's position because it held that "discovery that is simply seeking to develop further facts to demonstrate Plaintiff is a serial litigant would not be proportional given the facts already known in this case about Plaintiff's litigation history." *Sapan v. Diamond Resorts Holdings, LLC*, No. 8:23-00147 DOC (ADSx), 2023 U.S. Dist. LEXIS 215082, at *9 (C.D. Cal. Oct. 6, 2023). Here, Defendant is already aware of the four cases in which Plaintiff was a litigant and thus demanding additional discovery on top of the known "litigation history" is unwarranted.

## II. Conclusion

Plaintiff respectfully requests that the Court deny, or at a very minimum, substantially limit the discovery Defendant seeks. Defendant seeks irrelevant information which is discovery on top of already elicited discovery which in no way advances the litigation.

DATED this 4th day of October 2024.

Respectfully Submitted,

/s/ Taylor C. Bartlett
Taylor C. Bartlett (ASB-2365-A51B)
HENINGER GARRISON DAVIS, LLC
2224 First Avenue North
Birmingham, Alabama 35203
Phone: 205.326.3336
taylor@hgdlawfirm.com


J. Stuart McAtee (ASB-0868-T52J)
ALEXANDER SHUNNARAH PERSONAL INJURY ATTORNEYS
3626 Clairmont Avenue South
Birmingham, Alabama 35222
Phone: 205.983.8116
smcatee@asilpc.com


## CERTIFICATE OF SERVICE

I certify that on October 4, 2024, I filed the foregoing using the CM/ECF system that will send electronic notice of such filing to all counsel of record.

/s/ Taylor C. Bartlett
Attorney for Plaintiff

1