IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| TAMMY DEVANE, on behalf of herself and all others similarly situated | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Civil Action No. 02:22-cv-00709-SMD<br>) |
| WALMART INC. f/k/a WAL-MART STORES, INC., | ) **OPPOSED**<br>)<br>) |
| Defendants. | ) |

## WALMART'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO COMPEL

Defendant, Walmart Inc. ("Walmart"), offer the following reply in further support of its Motion to Compel:

1. Ms. Devane acknowledges she has the burden, but wholly fails to provide any factual or legal basis for failing to produce the requested documents.

2. First, the futility of Ms. Devane's opposition is demonstrated by her mischaracterization of Walmart's document requests. Instead of quoting the actual requests, Ms. Devane makes up new broader requests.

3. Contrary to Ms. Devane's assertion, the requests do not request all communication with any opposing party concerning any litigation. The requests on seek those communications "giving notice of a legal claim or dispute that demanded or requested some relief, remediation, or payment[.]" To be responsive the

3016951.1

communication must give notice and demand; this request clearly does not require the production of all communications with opposing parties.

4. Ms. Devane also wrongfully claims that Walmart seeks all documents that in any way relate to a settlement payment. In actuality, Walmart only requests those documents "evidencing, consisting of or referencing any sums of money or other benefits," Ms. Devane received to settle a claim. In other words, only those documents that reflect the benefit received would be responsive. Moreover, given Ms. Devane's argument that she has only settled one case, Walmart fails to see how this request is overbroad or burdensome.

5. Most egregiously, Ms. Devane claims Walmart requests all records regarding solicitations from lawyers about anything. In truth, the request seeks only those solicitations "regarding the possibility of you serving as a plaintiff and/or inquiring whether you have purchased a specific product[.]" Clearly, then, this request does not seek all solicitations.

6. Properly viewed, Walmart's requests are targeted in nature. The fact that Ms. Devane felt the need to broaden the scope of the requests in her Opposition is telling.

7. Second, Ms. Devane waived her argument that the discovery sought is duplicative or not proportional, as these objections were not raised in her responses

and objections to the Walmart's discovery requests. Regardless, the discovery sought is not duplicative and is proportional.

8. Walmart has had no discovery on what the terms of the settlement actually were. Doc. 149-1 at 19:12-15. Moreover, the discovery sought goes beyond the four cases that Walmart discovered on its own.

9. There may be other cases that Ms. Devane filed that Walmart has yet to discover. Moreover, there may be other demands made or settlements entered into for claims that were never filed. All of these would be responsive to Walmart's document requests.

10. Additionally, Ms. Devane has not put forward any evidence that would suggest the Walmart's targeted requests are not proportional to the needs of the case. As a result, the discovery sought is not duplicative.

11. Third, Ms. Devane's argument that there is no history of her selling out the class for individual gain, does not mean the requested documents are not relevant. "In order to show that the documents are relevant under Rule 26's standard, Defendant need not show, and this Court need not determine, that the district court will find the documents persuasive or determinative or that Defendant's arguments will ultimately be successful." *Gutierrez v. Converse Inc.*, No. 2:23-cv-06547-KK-MAR, 2024 U.S. Dist. LEXIS 92106, *16 (C.D. Cal. May 2, 2024).

12. Numerous other courts have found that a putative class representative's prior litigation history is relevant to typicality and adequacy. *Id.* While these cases are not binding precedent, Ms. Devane has not cited a single case even remotely suggesting her litigation history is not relevant to the claims and defenses at issue here. Thus, she cannot carry her burden.

13. Finally, there is no basis for delaying the production of these documents for Ms. Devane to notify other interested parties. Walmart served these requests on Ms. Devane's counsel on August 2, 2024, more than two-months ago. Ms. Devane has had ample time to put any interested party on notice. Any further delay will on result in the delay of the class certification briefing.

14. Therefore, Walmart respectfully requests that the Court enter an order requiring Ms. Devane to produce all documents relevant to its Second Set of Requests for Production.

Respectfully Submitted,

*s/ Cole R. Gresham*
Cole R. Gresham (ASB-8993-L47G)
STARNES DAVIS FLORIE LLP
100 Brookwood Place, Seventh Floor
Birmingham, Alabama  35209
(205) 868-6000 Phone
(205) 868-6099 Facsimile
*cgresham@starneslaw.com*

*Attorney for Defendant*

3016951.1

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 4, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, which will send notification of such filing to the following:

W. Lewis Garrison, Jr.
Taylor C. Bartlett
Heninger Garrison Davis, LLC
2224 First Ave North
Birmingham, AL 35203
lewis@hgdlawfirm.com
taylor@hgdlawfirm.com

J. Stuart McAtee
Alexander Shunnarah
Personal Injury Attorneys
3626 Clairmont Ave South
Birmingham, AL 35222
smcatee@asilpc.com

Taylor A. Pruett
Schreiber Law Firm, P.C.
2129 First Ave North
Birmingham, AL 35203
taylor@schreiber.law

                                *s/ Cole R. Gresham*
                                Cole R. Gresham

3016951.1