IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TAMMY DEVANE, on behalf of herself and all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CASE NO: 2:22-cv-709-ECM-SMD<br>) |
| WALMART INC. f/k/a WAL-MART STORES, INC., | )<br>)<br>) |
| Defendant. | ) |

## **ORDER**

Plaintiff Tammy Devane ("Devane"), on behalf of herself and all others similarly situated, has filed a class action complaint against Defendant Walmart Inc. f/k/a Wal-Mart Stores, Inc. ("Walmart") asserting a claim under the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq*., and State law claims of unjust enrichment, breach of express warranty, breach of implied warranty, and a violation of the Alabama Deceptive Trade Practices Act, Ala. Code §§ 8-19-1, *et seq*. Class Action Third Amended Compl. (Doc. 105). Before the Court is Walmart's Motion to Compel (Doc. 149), which seeks documents relating to Devane's prior class action lawsuits. For the following reasons, Walmart's Motion is granted.

I.  **APPLICABLE LAW**

Under the Federal Rules, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the

needs of the case." FED. R. CIV. P. 26(b)(1). Evidence is relevant if it has "any tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequences in determining the action." FED. R. EVID. 401. Relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc., v. Sanders*, 437 U.S. 340, 351 (1978). "Where there is doubt over relevancy, the court should still permit discovery." *Coker v. Duke & Co., Inc.*, 117 F.R.D. 682, 685 (M.D. Ala. Feb. 20, 1998). The party resisting discovery bears the burden to establish that the information sought is not relevant. *Smith v. Trustmark Nat'l Bank*, 2024 WL 2401797, at *1 (M.D. Ala. May 22, 2024).

Even if discovery is relevant, a court may limit the frequency or extent of the discovery under certain circumstances. FED. R. CIV. P. 26(b)(2)(C). One such circumstance is when the burden of the proposed discovery outweighs its likely benefit. FED. R. CIV. P. 26(b)(2)(C)(iii). A party resisting production on this basis bears the burden of showing that producing the discovery is unduly burdensome. *Coker v. Duke & Co., Inc.*, 177 F.R.D. 682, 686 (M.D. Ala. 1998). This requires the resisting party to "make a particular and specific demonstration of fact" instead of "conclusory assertions about the difficulty of complying with a discovery request." *Id.*

II.   ANALYSIS

Walmart seeks documents relating to prior class action lawsuits wherein Devane has served as the named plaintiff. Mot. (Doc. 149). Specifically, Walmart seeks: (1) "all communications sent by [Devane] or on [Devane's] behalf giving notice of a legal claim

2

or dispute . . . "; (2) "all documents evidencing, consisting of, reflecting, or referencing any sums of money or other benefit that has been received by [Devane] in connection with or as a result of the resolution of any actual or threatened litigation"; and (3) "all records regarding any solicitations [Devane] has received from lawyers regarding the possibility of [Devane] serving as a plaintiff and/or inquiring whether [Devane] has purchased a specific product or products." Mot. (Doc. 149) p. 2. Devane objects to production of the documents, stating that each request is "overly broad, unbounded in time or scope, and seeks irrelevant information." *Id*. Additionally, Devane objects to the second request because it is subject to confidentiality agreements. *Id*.

To begin, Devane's objections are boilerplate objections and, as such, are not well taken. "The law in the Eleventh Circuit makes clear that boilerplate discovery objections are tantamount to no objection being raised at all and may constitute a waiver of the discovery being sought." *Rivera v. 2K Clevelander, LLC*, 2017 WL 5496158, at *4 (S.D. Fla. Feb. 22, 2017). The undersigned finds that, on that basis alone, Devane's objections should be overruled.

Nonetheless, the undersigned also finds that the information sought by Walmart is relevant, properly tailored in scope, and not protected from discovery by Devane's prior settlement agreement(s). As for relevance, the prior litigation history of a putative class action representative is relevant to whether Devane is a typical and/or adequate class representative. *See Sapan v. Diamond Resorts Holdings, LLC*, 2023 WL 8229984, at *3 (C.D. Calif. Oct. 6, 2023) (finding that the serial litigation status of a plaintiff is one characteristic a court may consider when making the adequacy determination for class

3

certification). As for scope, Walmart's requests are properly tailored to identify relevant discovery documents in this matter, and Devane's generalized assertion that the documents would be burdensome to produce is not persuasive. Finally, to the extent that a confidentiality agreement covers any of the information sought by Walmart, discovery in this matter is subject to a protective order. Therefore, a confidentiality agreement does not preclude discovery of the information. *See Virtual Studios Inc. v. Royalty Carpet Mills, Inc.*, 2013 WL 12090122, at *4 (N.D. Ga. Dec. 23, 2013) (finding that the production of confidential third-party settlement agreements in a lawsuit already subject to a protective order is not a violation of confidentiality clauses or protective orders governing the previous settlements).

**III.   CONCLUSION**

Accordingly, it is

ORDERED that Walmart's Motion to Compel (Doc. 149) is GRANTED.  Devane shall produce the documents requested within seven days of the date of this Order.

DONE this 8th day of October, 2024.

/s/ Stephen M. Doyle
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE

4