IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TAMMY DEVANE, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC. f/k/a<br>WAL-MART STORES, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  CIVIL CASE NO. 2:22-cv-709-ECM<br>)<br>)<br>)<br>)<br>) |

**O R D E R**

Now pending before the Court is the Parties' joint motion to stay discovery (doc. 160) pending a ruling from the Court on the Plaintiff's motion for class certification (doc. 153). Upon review of the motion and docket, the Court determines this motion is due to be DENIED.

This case was originally filed in the Northern District of Alabama in 2019 and has been ongoing for over five years. On December 22, 2023, the Court entered a Uniform Scheduling Order, which set deadlines for all stages of this litigation. (Doc. 140). Included in that Order was a deadline for briefing on class certification by August 9, 2024, and a deadline for the completion of discovery by June 16, 2025. (*Id.* at 3). Neither party objected to these deadlines.

On July 29, 2024, the Plaintiff moved, without opposition, for a sixty-day extension of the class certification deadline. (Doc. 142). The Court granted the Plaintiff's motion and extended the deadline to October 8, 2024. (Doc. 143). Briefing on the motion for class

certification was completed on November 15, 2024. (Doc. 159). Now, the Parties have jointly moved for a stay of discovery pending the Court's ruling on class certification. (Doc. 160).

In the motion, the Parties suggest that "[a] significant amount of fact and expert discovery remains to be conducted on the merits of Plaintiff's claims." (*Id.*). But the Parties have known about the discovery deadline for a year, and still have over six months until the deadline. The Parties also assert that "[s]taying the case will ensure that the Parties are only required to incur the time and expense of the remaining discovery, if necessary." (*Id.*). But the Court cannot discern that the Parties are, or have been, unable to make good use of the discovery period. Further, the Parties have over six months of discovery remaining, during which they can make strategic decisions about what could or should be done while the Court considers the motion for class certification. Accordingly, and for good cause, it is

ORDERED that the motion (doc. 160) is DENIED.

DONE this 20th day of December, 2024.

                                                    /s/ Emily C. Marks  
                                                    EMILY C. MARKS  
                                                    CHIEF UNITED STATES DISTRICT JUDGE