IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| TAMMY DEVANE, on behalf of herself and all others similarly situated | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Civil Action No. 2:22-cv-00709-SMD<br>) |
| WALMART INC. f/k/a WAL-MART STORES, INC., | )<br>)<br>) |
| Defendants. | ) |

**PLAINTIFF'S OBJECTIONS & RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

COMES NOW the Plaintiff Tammy Devane, on behalf of herself and all others similarly situated, (hereinafter, "Plaintiff" or "Devane"), pursuant to the Federal Rules of Civil Procedure, and the order of the Court, hereby objects and responds to the First Set of Interrogatories served on April 10, 2024 by Defendant Walmart, Inc. f/k/a Wal-Mart Stores, Inc. ("Walmart" or "Defendant") as follows:

**GENERAL OBJECTIONS AND ASSERTIONS OF PRIVILEGE**

Each of Plaintiff's responses herein, in addition to any specifically stated objection, is subject to and incorporates the following General Objections:

1. Plaintiff objects to the interrogatories to the extent that they seek or require the disclosure of information which is protected from discovery by the

1

attorney client privilege, the attorney work product doctrine, the joint prosecution or common interest privilege, the right to privacy, or any other applicable privilege or immunity. Such disclosure as may hereafter occur pursuant to the interrogatories shall not include any information protected by such privileges or doctrines. Inadvertent disclosure of any such information is not intended to be, and shall not operate as, a waiver of any applicable privilege, protection or immunity, in whole or in part.

2. Plaintiff's responses to these interrogatories are made on the basis of information and discovery conducted to date, which is continuing. Plaintiff reserves the right to supplement or amend these responses.

To the extent that any of Plaintiff's General Objections are cited in a specific response, those citations are provided because they are believed to be particularly relevant to the specific interrogatory and not to be construed as a waiver of any other General Objection applicable to information falling within the scope of the interrogatory.

## **RESPONSES TO FIRST SET OF INTERROGATORIES**

Without waiving or limiting in any manner any of the foregoing General Objections, but rather incorporating them into each of the following responses to the extent applicable, Plaintiff responds to the specific interrogatories as follows:

1. Please identify the date You found out that the Parent's Choice Pediatric Shakes (the "Shakes") contained non-natural and/or synthetic ingredients and how You discovered the presence of these allegedly non-natural and/or synthetic ingredients.

**Response:** Plaintiff objects to this Interrogatory to the extent it requires the disclosure of attorney client privileged communication. Plaintiff first became aware of the Shakes' non-natural and/or synthetic ingredients in approximately April 2022.

2. List all flavors of the Shakes You purchased, for each purchase list the date, location, and method of payment (including credit card number if applicable).

**Response:** Plaintiff purchased the Shakes on multiple occasions, in Alabama and Florida, and primarily in Eufaula, Alabama. To the best of her recollection, she purchased them from September 2021 through January 2022. She purchased the Vanilla Shakes regularly during that time, and on at least a few occasions, purchased the Chocolate and Strawberry Shakes as well.

3. List any and all ingredients of the Shakes that You allege to be a synthetic flavor, color, and/or sweetener.

**Response:** Maltodextrin and Natural Flavors.

4. List any and all ingredients of the Shakes that You allege to be an unnatural flavor.

**Response:** Maltodextrin and Natural Flavors.

5. List any other product similar to the Parent's Choice Pediatric Shakes you have purchased, including, but not limited to, any products you have purchased as a replacement for the Shakes since Your discovery of the allegedly misleading advertisements.

**Response:** Plaintiff objects to the vagueness and lack of specificity of this Interrogatory. Additionally, she objects in that the way it is worded can be misinterpreted as to time. It is impossible for her to understand what Defendant considers "similar." Without waiving the above objections, Plaintiff believes she has not purchased any "similar" type shakes. She has, however, at some point in the

past, purchased Pediasure branded shakes from Walmart. She cannot recall the dates or specifics of that purchase.

6. Identify all damages allegedly suffered and the method for calculating those damages for Ms. DeVane and the purported class as a whole.

**Response:** The amount due to Plaintiff has not been calculated, in part because the Plaintiff's investigation is not complete. Any amount due to Plaintiff for attorneys' fees has not been calculated and is not reasonably calculable at this time. Further, any amount due as class relief has not been calculated and may depend on information obtained from Defendant in discovery. Additionally, discovery has just begun in this case and Plaintiff reserves the right to amend.

7. Please state the date on which the attorney-client relationship began with each of the attorneys representing Ms. DeVane in the above captioned matter.

**Response:** Plaintiff cannot recall the exact date on which it began, but it was early 2022.

DATED: June 6, 2024

                                    Respectfully Submitted,

                                    */s Taylor C. Bartlett*
                                    Taylor C. Bartlett
                                    Heninger Garrison Davis, LLC
                                    2224 First Ave North
                                    Birmingham, AL 35203
                                    taylor@hgdlawfirm.com

                                    *One of the Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2024, I electronically served the foregoing on all counsel of record via email.

                                                       /s Taylor C. Bartlett
                                                       Taylor C. Bartlett